## NEW BEDFORD COPPER COMPANY

*vs.*

## CHARLES H. T. J. SOUTHARD.

### Sagadahoc.    Opinion April 1, 1901.

*Contract.    Time of Performance.*

In February, 1898, the plaintiff and the defendant made a contract by which the plaintiff agreed to furnish the defendant a suit of metal, to be delivered in New York "about last May or June," for a ship to be due at that port "about April."

*Held;* that time of performance of a contract, when fixed by the parties, is an essential element of the contract.

*Held;* further, that by the contract above recited, the plaintiff was required to furnish the metal by the last day of June, unless the ship should be delayed on her voyage, in which case the plaintiff should deliver the metal within a reasonable time after her arrival, though such reasonable time should extend beyond the month of June.

The ship arrived in New York, April 21, 1898, and lay in that port till July 1, 1899. The defendant did not demand or call for the metal until February, 1899, when the price of metal had advanced five cents per pound.

*Held;* that the metal was not called for within the time provided by the contract, and that the plaintiff was thereby absolved from liability under the contract. The metal, for the price of which this action is brought, was furnished under a new contract made in May, 1899, and the defendant must pay the price stipulated in the new contract.

On report.   Judgment for plaintiff.

Assumpsit on account annexed to recover $3,413.86 for yellow metal furnished to sheathe the defendant's ship.

The case appears in the opinion.

*A. M. Spear*, for plaintiff.

*W. T. and W. T. Hall, Jr.*, for defendant.

SITTING : WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

FOGLER, J.   This is an action of assumpsit upon an account annexed to the writ, which, excluding an item of interest, is as follows :

New Bedford, Mass., Sept. 1, 1899.

T. J. Southard & Son, Richmond, Maine.

Bought of New Bedford Copper Co.,

| 1899 | | |
|---|---|---|
| June 2 | 4275 Sheets Yellow Metal, 26,906 lbs. at 17c | 4574.02 |
| | 1 1-8 Sheets Nails 2173 lbs. at 17c | 369.41 |
| | | 4943.43 |
| | 5 per cent | 247.17 |
| | | $4696.26 |
| | Cr. | |
| | By old metal 13754 lbs., at 10c | 1375.40 |
| | | $3320.86 |

Delivered Ship Com. T. H. Allen.

The defendant, surviving partner of the late firm of T. J. Southard & Son, and doing business under said firm name, admits

that the metal and nails charged in the account, were delivered by the plaintiff and accepted by him, but claims that by the terms of the contract relating thereto, between the plaintiff and himself, the price of the metal and nails so delivered and accepted should be eleven cents per pound and not seventeen cents per pound as charged, and that the old metal should be credited at the rate of six cents and not ten cents per pound. These are the only questions at issue between the parties, and are to be determined mainly by the correspondence between them, and statements rendered.

The correspondence reported is quite voluminous, commencing June 12, 1894, and ending November 22, 1899, but the correspondence prior to February 19, 1898, relates to transactions not involved in this case and not material thereto.

February 19, 1898, the defendant inquired of the plaintiff by letter, "What price can you book suit of metal and nails, about 4200 sheets, del'd in New York about last May or June, also 3600 sheets in July or August. These vessels will be due in New York about April or June."

To this the plaintiff replied by letter dated February 21, 1898: "Replying to your favor of the 19th instant, we enclose herewith a bill of metal and nails shipped to-day to Schr. "Edith L. Allen." Regarding price of metal and nails for the two suits you will require later in the season, our price will be twelve cents per pound, delivered, and we will allow you a commission of one cent per pound to be deducted when you settle the account. This offer is for immediate acceptance only, and must be kept confidential. Awaiting your reply,
                    Yours truly.
P. S.   Ingot copper is rising and metal may be higher later on."

In reply the defendant wrote the plaintiff under date of February 23, 1898,

"Yours of 21st inst. received in reply to ours of the 19th and we accept your offer as stated."

February 23, 1898, the plaintiff wrote the defendant, "In

accordance with yours of the 22nd we have booked orders for two suits of yellow metal."

It is beyond question, that the foregoing letters constituted a valid and binding contract between the parties, by the terms of which the plaintiff was to sell and deliver and the defendant to accept and pay for the metal and nails in question.

The price and the place of delivery were stated with certainty. The time of delivery was approximately stated. As to one suit the time is stated "about last May or June"; as to the other, "in July or August."

Time of performance when fixed by the parties, is an essential element of a contract by which the parties are bound. When no time of performance is agreed upon it must be performed within a reasonable time.

By the terms of the contract the metal last named was to be delivered within a fixed time, "in July or August." The plaintiff was not obliged to furnish the suit of metal after the last day of August.

The time in which the suit of metal first named was to be delivered, was not fixed by the parties with certainty. It was to be delivered, "about last May or June." Taking this language in connection with the last paragraph of the defendant's letter of February 19, 1898, "These vessels will be due in New York about April or June," we think a fair construction is, that if the vessel due about April should be delayed in her voyage the plaintiff would be required to furnish the metal within a reasonable time after her arrival, even if such reasonable time should extend beyond the month of June.

The case shows that the metal to be delivered "last May or June" was for the Ship "Com. T. H. Allen." From a memorandum, which is made a part of the case, it appears that the "Allen" arrived in New York April 21, 1898, and lay at that port until July 1, 1899. May 13, 1898, more than three weeks after the arrival of the "Allen", the plaintiff wrote the defendant, "Can you give us a memorandum of the "Com. T. H. Allen" suit and

tell us when it will be asked for? We wish to be fully prepared to deliver promptly."

To this inquiry the defendant replied by letter dated May 30, 1898: "Cannot say when will want metal as have laid the ship up for the present till war scare is over." Oct. 7, 1898, the plaintiff by letter renewed inquiry but the defendant made no reply.

At the date of this last letter the ship had been in New York over five months, more than three months had elapsed after the time fixed by the parties for the delivery of the metal, no demand had been made for the metal and the defendant had refused to state a time when it would be wanted. We are of opinion that the plaintiff could not reasonably be required to perform the contract on its part after the letter of Oct. 7th was written and a reasonable time had elapsed for reply.

Nothing further took place between the parties until February 1899, when the following correspondence commenced, to wit:

Plaintiff to defendant, Feby. 6, 1899 :

"Because of the great and continued rise in the price of Ingot Copper and Spelter, we are again compelled to advance the price of Yellow Metal Sheathing, Nails, Bolts &c., this time 2 cents per pound on the new and one cent per pound on old taken in exchange. We enclose herewith a price list corrected to date. Please fully maintain these prices when selling for our account and greatly oblige, Yours truly."

Defendant to plaintiff, Feb. 7, 1899:

"Yours 6th with price list rec'd and noted. Do not forget that we have two suits metal booked at 11c and may want them right away."

Plaintiff to defendant, Feb. 9, 1899:

"Replying to your favor of the 7th inst. on Feb. 19th, 1898, you wrote us as follows, viz: "What price can you book suit of metal and nails, about 4200 sheets, delivered in New York about last May or June, also 3600 sheets in July or August. These vessels will be due in N. Y. about April and June", to which we replied offering to supply the suits for 11 cts. per pound net, and

you accepted our offer. This price according to your own letter was for May, June, July or August delivery. We certainly cannot fill an order now for that price, our price to-day is 17 cents for the new less your usual commission of 5 per cent, and 10 cents per pound for the old metal in exchange. If you wish us to book the business at these prices please advise us promptly, for prices may advance again any hour."

Defendant to plaintiff, April 26, 1899:

" Referring to your letters of Feb. 21-23, '98 and our answers; also yours of Oct. 7, '98 and Feby 6th and 9th '99: We understood we bought two suits of metal if required for two vessels when they wanted them, about 7800 sheets and nails to go with them, one vessel we have gotten clear of furnishing, the other about 4200 sheets the ship will no doubt require us to furnish as we agreed, probably next week. Now will you give us an order on Mr. Slover at New York under our agreement of purchase with you at 11c net or not? If not, why? We intend to do just as we agree. We got clear of furnishing one suit and of course we do not expect that, and we do not want anything but that is right, and we want your metal used. We sold at 12c to these two ships to be delivered when required."

Plaintiff to defendant, April 27th, 1899:

"Replying to your favor of the 26th inst. If you will carefully read over our correspondence you will clearly see why we cannot furnish you with a suit of Yellow Metal at 11 cents per pound. Our agreement to do so expired on Sept. 1st of last year. We are always liberal with our customers but we are certainly not called upon to make any such sacrifice as you ask us to in this case. We will deliver you a first class suit of metal and nails at 17 cents per pound allowing you your usual commission of 5 per cent, the old metal to be turned in at 10 cts. per pound in exchange for the new.

" Shall we send you an order on Mr. Slover for the suit at the above prices? Please advise us promptly for we are very busy and do not wish to disappoint you about the delivery."

Defendant to plaintiff, May 9, 1899:

"Yours of the 27th April received and noted. You will please send us an order on Mr. W. G. F. Slover, New York, to deliver to Ship "Commodore T. H. Allen" on request about 2021 Sheets 20 oz., 1600 Sheets 22 oz., 600 Sheets 24 oz., Yellow metal, 19 Sheets Keel metal. and nails for all. May not require the Keel Metal."

Plaintiff to defendant, May 10, 1899:

" Replying to your favor of the 9th inst., we enclose herewith an order on W. G. F. Slover, for all the metal and nails you may require for the "Ship Com. T. H. Allen." Thanking you very much for the order and awaiting your further favors we remain."

Subsequently to the date of this last letter the metal and nails sued for were delivered and accepted.

The plaintiff's letter of April 27, and the defendant's letter of May 9th, created a new contract between the parties. The plaintiff offered to sell and deliver metal at 17 cts. per pound and allow the defendant five per cent commission, and credit old metal at ten cents per pound.

This offer the defendant accepted unconditionally, referring only to the plaintiff's letter making the offer, referring to no previous transaction or correspondence.

The plaintiff has delivered the metal and nails according to contract and the defendant must pay the contract price with interest from July 14, 1899, when payment was demanded.

*Judgment for plaintiff for $3,320.86*
*with interest from July 14, 1899.*